

**Adam M. Marshall, Esq.**
amarshall@kdvlaw.com

Kaufman Dolowich & Voluck, LLP

135 Crossways Park Drive, Suite 201
Woodbury, New York 11797

Telephone: 516.681.1100
Facsimile: 516.681.1101

www.kdvlaw.com

May 28, 2019

<u>**Via ECF**</u>
Honorable Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: <u>*Hassanein v. U.S. Equities Corp., et al.*</u>
      <u>*Case No. 1:19-cv-1167 (KAM)(ST)*</u>

Dear Judge Matsumoto:

  This firm represents defendants U.S. Equities Corp. ("U.S. Equities") and Linda Strumpf ("Strumpf") (collectively, the "Defendants") in the above matter. We write to respectfully request that the Court retain jurisdiction for the limited purpose of adjudicating Defendants' proposed motion to sanction plaintiff Mohamed Hassanein ("Hassanein") and his counsel, Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP (the "Shiryak Firm"), pursuant to 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927 and the inherent power of the Court.[1]

  Sanctions are appropriate in this case because Hassanein's Complaint was plainly frivolous and filed for the sole purpose of "shaking down" the Defendants for a release of the underlying Judgment entered against Hassanein in State Court. As discussed below, not even Hassanein, a layman, could have reasonably believed that his putative FDCPA and GBL § 349 claims had any chance of success on the merits. And even if Hassanein could plausibly feign ignorance, his counsel certainly cannot. The Shiryak Firm knew the claims in the Complaint were not colorable but made the cynical (and ultimately mistaken) calculation that Defendants would sooner absolve Hassanein of the Judgment than incur the expense of litigating a motion to dismiss. As a result, both Hassanein and the Shiryak Firm should be held liable for Defendants' reasonable attorney's fees and costs in this action.

## PROCEDURAL HISTORY

  Hassanein commenced this action on February 27, 2019, alleging that Defendants violated the FDCPA and GBL § 349 by enforcing, and then opposing Hassanein's Third Motion to Vacate the Judgment entered against him over a decade ago in State Court. The Complaint was filed a week after the State Court denied Hassanein's Third Motion to Vacate.

---

[1] For ease of reference, as well as brevity, we have attached a copy of Defendants' May 10, 2019 pre-motion letter as Exhibit "A" and incorporate its content and defined terms herein by reference.

Hon. Kiyo A. Matsumoto, U.S.D.J.
Case No. 1:19-cv-1167
Page 2 of 3

On May 10, 2019, Defendants filed a letter requesting a pre-motion conference regarding their proposed motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Exhibit "A").  Under this Court's Individual Practices, Hassanein was required to file a response within three (3) business days.  No response was filed.

On May 17, 2019 at approximately 4:40 PM, the undersigned received a phone call from Ben Hirschhorn, one of Hassanein's attorneys, who advised that Hassanein was prepared to settle this action in exchange for a release from the Judgment.  At 6:22 PM, I emailed Mr. Hirschhorn to advise that Defendants had rejected Plaintiff's offer, and that unless Hassanein agreed to tender the amount he owed under the Judgment ($2,725.00) by the end of the month, in exchange for which the Defendants would each grant him a general release, Defendants would move forward with their proposed motion to dismiss and a request for sanctions including reimbursement of attorney's fees incurred in this action.

On May 20, 2019, Hassanein filed a Notice of Voluntary Dismissal.  Later that day, I spoke with Alexander Kadochnikov, apparently lead counsel for Hassanein, who informed me that Hassanein had not yet agreed to pay the Judgment and that, as far as he was aware, no effort would be made to reimburse Defendants for their attorney's fees incurred in this action.

## **GROUNDS FOR MOTION**

The standards for awarding attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), and imposing sanctions under 28 U.S.C. § 1927 and the Court's inherent power, are almost identical. See Abreu v. Receivable Collection Servs., LLC, 2019 U.S. Dist. LEXIS 70961, at *4-5, *8 n.5 (E.D.N.Y. Apr. 26, 2019).  The only practical distinction is *who* may be sanctioned.  Hassanein is susceptible to sanctions under § 1692k(a)(3) and the Court's inherent power.  The Shiryak Firm can only be sanctioned under § 1927 and the Court's inherent power.

To obtain an award of attorney's fees and costs under § 1692k(a)(3), "there must be evidence that the plaintiff both knew that [the] claim was meritless and pursued it with the purpose of harassing the defendant."  Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP, 2018 U.S. Dist. LEXIS 54919, at *11 (E.D.N.Y. Mar. 30, 2018) (citation omitted).  "To impose sanctions under [§ 1927], a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay."  Abreu, 2019 U.S. Dist. LEXIS 70961, at *4 (quoting Kim v. Kimm, 884 F.3d 98, 106 (2d Cir. 2018)) (alternation in original).  "In order to impose sanctions pursuant to its inherent power, a district court must find that: (1) the challenged claim was brought without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay."  Id. at *5 (quoting Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2012)).

Both elements are satisfied in this case.  First, there is no question that Hassanein's claims lacked a colorable basis.  As set forth in Defendants' prior pre-motion letter, the claims in the Complaint would have been easily dismissed for failure to state a claim even if Hassanein could overcome application of the *Rooker-Feldman* doctrine.  (Exhibit "A" at p. 3).

Hon. Kiyo A. Matsumoto, U.S.D.J.
Case No. 1:19-cv-1167
Page 3 of 3

  Second, there is sufficient evidence to support a finding of bad faith.  Even if represented by counsel, a plaintiff's subjective bad faith can be inferred "when applicable preclusion doctrines clearly foreclose[d] further litigation."  Lipin v. Nat'l Union Fire Ins. Co., 202 F. Supp. 2d 126, 140 (S.D.N.Y. 2002).  Here, the main thrust of Hassanein's FDCPA and GBL § 349 claims was that Defendants acted unlawfully by enforcing and defending the validity of a Judgment that, according to Hassanein, was not "legally enforceable" or "legally collectible." (Compl. at ¶¶ 28, 34, 47).  Yet the State Court had already ruled that the Judgment *was* enforceable, twice, and had rejected Hassanein's Third Motion to Vacate just a week before this action was filed.  Tellingly, Hassanein omitted those facts from his Complaint.

  The Shiryak Firm's bad faith is even clearer.  Bad faith can be inferred where a litigant's actions "are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose[.]"  Abreu, 2019 U.S. Dist. LEXIS 70961, at *6 (quoting Enmon, 675 F.3d at 143).  Moreover, while "[a]n attorney is protected from sanctions if he makes a reasonable argument for the extension, modification, or reversal of [contrary] decisions," the attorney "must be frank about the current status of his legal claims and pursue those novel claims in a logical fashion."  Id., at *9; see Timoshenko, 2018 U.S. Dist. LEXIS 54919, at *14 ("[T]he patina of legality afforded by reference to plainly inapposite case law does little to cloak what looks to the Court suspiciously like a shakedown.").

  Here, the Shiryak Firm could not have genuinely believed that Hassanein's claims had a colorable basis.  Putting aside issues of jurisdiction and preclusion, the FDCPA claims in the Complaint attacked statements made by the Defendants in opposition to the Third Motion to Vacate, wherein Hassanein was represented by counsel. (Compl. at ¶¶ 27-34, 38).  The Second Circuit itself has held, albeit in a summary order, that statements made "[w]ithin the context of an adversary proceeding in state court between two represented parties" do not fall within the FDCPA's purview.  Gabriele v. Am. Home Mortg. Servicing, Inc., 503 Fed. Appx. 89, 95-96 (2d Cir. 2012); see Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010) ("While the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers.").  And the GBL § 349 claim was predicated on conduct that was so unique to the dealings between the parties that it could never possibly qualify as "consumer-oriented."  See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25 (N.Y. 1995) ("Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute.").

  Again, even if the Shiryak Firm were to argue that it intended to argue for the extension, modification or reversal of the existing law, its actions are plainly inconsistent with such intent.  As soon as they realized Defendants would not yield to extortion, they gave up.

  We thank the Court for its consideration.

               Respectfully submitted,
               Kaufman Dolowich & Voluck, LLP

          By:  /s/ Adam M. Marshall
             Adam M. Marshall, Esq.

cc:  All Counsel via ECF